**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

| | | |
|---|---|---|
| **ESTENICO SLAYTON,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9703-CC-00117** |
| | ) | |
| vs. | ) | **DYER COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. C94-92** |
| | ) | |
| Respondent. | ) | |

**FILED**

**July 1, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

<u>O R D E R</u>

This matter is before the Court upon the state's motion requesting that the judgment in the above-captioned cause be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. It appears the petitioner was sentenced on his guilty plea on January 6, 1995. The petitioner did not take a direct appeal, and did not file his petition for post-conviction relief until July 11, 1996. The petitioner filed an amended petition, by and through counsel, on September 6, 1996. The state filed an answer on September 10, 1996, and an amended answer on October 7, 1996. In its amended answer, the state claimed the petition was barred by the statute of limitation. The petitioner subsequently filed a motion to dismiss the amended answer claiming the state waived the statute of limitation defense by not raising it in the initial answer. The trial court ultimately dismissed the petition because it was filed outside the statute of limitation.

Pursuant to T.C.A. § 40-30-202(a) (1996 supp.), a petitioner must petition for post-conviction relief within one year of the date the judgment became final. The Compiler's Notes to T.C.A. § 40-30-201(1996 supp.) state that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Under T.C.A. § 40-30-202(b)

(1996 supp.), a court does not have jurisdiction to consider a petition filed outside the one year statute of limitation unless one of three limited exceptions applies.

In the present case, the petitioner filed his petition on July 11, 1996. Accordingly, the petition is governed by the 1995 Post-Conviction Act. The petition in this case, however, was filed outside the statute of limitation set forth in T.C.A. § 40-30-202(a), which deprived the trial court of jurisdiction to entertain the petition. Moreover, the petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

It is, therefore, ORDERED that the state's motion is granted, and, pursuant to Rule 20, Rules of the Court of Criminal Appeals, the judgment of the trial court is affirmed. Costs of the appeal shall be assessed against the petitioner.

Enter, this the ___ day of June, 1997.

_____
DAVID G. HAYES, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE